UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUSTIN D. PAGE, individually and on behalf of others similarly situated, <br><br> Plaintiff <br><br> vs. <br><br> BUCKINGHAM MANAGEMENT, L.L.C., <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) **FLSA COLLECTIVE ACTION** <br> ) **COMPLAINT UNDER** <br> ) **29 USC § 216(b)** <br> ) <br> ) CASE NO. 1:19-CV-4840-JRS-TAB <br> ) <br> ) <br> ) <br> ) |

### *PLAINTIFF'S FIRST AMENDED[1] COLLECTIVE ACTION AND INDIVIDUAL COMPLAINT FOR DAMAGES*

### *I.  INTRODUCTION*

Plaintiff Justin D. Page ("Page") brings this collective action lawsuit against Defendant Buckingham Management, L.L.C. ("Buckingham") to address class-wide overtime violations committed by Buckingham against its hourly-paid employees who were also paid earned wages in categories Buckingham called "Commissions" on pay stubs.  Page will serve as the representative plaintiff in the FLSA collective action.

Specifically, Buckingham is and has been underpaying overtime compensation to its hourly-paid employees on a systematic, class-wide basis as a result of an unlawful practice by which Buckingham is failing to include all of its employees' earned wages in its calculation of employees' regular rates of pay and, in so doing, is failing to include all earned wages in its

---

[1] Plaintiff files his First Amended Complaint under FRCP 15(a)(2) pursuant to Defendant's written consent dated January 10, 2020. Plaintiff amends to properly name the Defendant and to withdraw any claim for vacation pay.

1

calculation of its employees' overtime rate of pay. All hourly-paid employees paid wages in the categories Buckingham calls "Commissions" were and are being similarly subjected to Buckingham's unlawful compensation scheme. To explain generally, even though Buckingham is using the word "Commissions," Page and all similarly situated Buckingham hourly-paid coworkers who receive a portion of their wages in this "Commissions" category regularly earn a portion of their wages through their actual hours worked and for earned, non-discretionary purposes. For example, Page would earn wages called "Commissions" for collecting trash from residents of his facility - Heritage Trails in Terre Haute - for something Buckingham called "valet trash service." Page and fellow coworkers also earned "Commissions" based upon certain services purchased or paid by residents (e.g., renewal of lease, etc...). All of these "Commission" payments were earned wages paid on a regular basis. The "Commissions" were in no way gratuitous or discretionary.

Buckingham is and has been paying overtime compensation to Page and all other hourly paid workers who receive "Commissions," but it is paying overtime only a rate equal to one and one-half times the hourly-paid workers' base rate of pay. It is not including the earned "Commissions" in the calculation of its hourly-paid workers regular rate of pay and it is not including the "Commissions" in the calculation and payment of overtime paid to the hourly-paid workers. This class-wide and systematic failure and refusal to include the earned "Commissions" in the calculation of hourly-paid workers' regular rates of pay violates the Fair Labor Standards Act ("FLSA") and results in class-wide underpayment of overtime compensation.

Page's collective action claims based upon Buckingham's failure to include earned wages

it calls "Commissions" in the calculation of regular rates of pay and overtime rates of pay will be perfect for collective action treatment and will be easy to prove. All of Buckingham's overtime violations will be shown on the face of pay stubs Buckingham issues to its hourly-paid employees who also receive wages in the "Commissions" category.

## II.  FACTUAL ALLEGATIONS

1. Page is a resident of the State of Indiana and is domiciled in Terre Haute, Vigo County, Indiana. Page was hired by Buckingham in April 2019 to work as a Maintenance Technician at its Heritage Trails Apartments in Terre Haute, Indiana. Page was involuntarily terminated on or about September 26, 2019. At all times during his employment with Buckingham, Page was paid wages on an hourly basis and treated as a non-exempt employee.

2. Buckingham is an Indiana corporation. It lists its principal address as 941 North Meridian Street, Indianapolis, Indiana 46204. Buckingham is a property management company. On its website, it describes itself as managing properties in the following states: Indiana, Illinois, Iowa, Missouri, Ohio, Kentucky, Tennessee and Georgia.

3. Page and similarly situated hourly-paid workers provided services to residents of apartment complexes and housing units managed and operated by Buckingham.

4. Throughout his employment with Buckingham, Page was a non-exempt employee who was compensated by Buckingham on an hourly-paid basis. During his employment, Page's base rate of pay was $16.00 per hour. During his employment with Buckingham, Page worked significant overtime hours (in excess of forty hours in a seven day work week). When Buckingham paid Page overtime compensation, it only compensated him at a rate which was one and one-half his base rate of pay. Buckingham failed, however, to compensate Page for his

overtime work at a rate that was one and one-half times his full, regular rate of pay and, in doing so, Buckingham violated the FLSA.

5.      As described above, Page regularly earned and was paid a portion of his wages in pay roll categories Buckingham called "Commissions."  The "Commissions" were earned by Page based upon his hours of work and the work he actually performed.  The "Commissions" were regularly and routinely earned and paid.  The "Commissions" were in no way gratuitous or discretionary.  In weeks in which Page worked overtime hours (hours in excess of forty hours in a seven day work week) and also earned wages in one or more of Buckingham's "Commissions" categories, Buckingham failed and refused to include the "Commissions" wage in its calculation of Page's regular rate of pay and, in so doing, violated the FLSA by failing to include Page's full regular rate of pay in its calculation of Page's overtime rate of pay and in its payment of Page's fully earned overtime compensation.

6.      During every pay period in which Page worked and was owed overtime compensation, his pay stubs show that Buckingham only paid him at an overtime rate equal to one and one-half times his $16.00 per hour base rate.

7.      Page can provide a specific example.  During the two week pay period from May 5, 2019 to May 18, 2019, Page worked a total of 89.90 hours and 9.90 of those hours were treated as overtime hours.  Buckingham paid Page for 80.0 hours at his base rate of $16.00 ($1,280.00) and paid Page for his overtime at the rate of $24.00 for his 9.90 overtime hours ($237.60).  In a separate check and with a separate pay stub, for that same two week pay period from May 5, 2019 to May 18, 2019, Buckingham paid Page in five different "Commissions" categories (payments of $204.38, $125.26, $21.00, $14.00 and $14.00) totaling $378.64 described as "Commissions."  These wages labeled "Commissions" were not included in Page's

4

regular rate and were not included in Page's calculation of overtime hours.  If the $378.64 paid in "Commissions" had been included in Page's overtime pay for that pay period, Page's regular rate would have been increased to, at least, $20.21 per hour, and Page's overtime rate of pay would have been increased to, at least, $30.315 per hour.  This means that Page was underpaid overtime compensation for this two week pay period by, at least, $62.52 (9.9 overtime hours by increased overtime rate of $6.315).  The FLSA has a presumed liquidated damage, and Page's FLSA damages for just this one work week would be, at least, $125.04.  Buckingham committed these same FLSA overtime violations through failure to properly calculate overtime compensation in virtually every pay period worked by Page.

8. Page was paid a portion of his wages for valet trash services, but the wage was called a "Commission."  Page would also earn regular "Commissions" based upon certain payments or renewal of leases for residents of the apartment complex he and his Terre Haute coworkers served.

9. Buckingham is similarly underpaying overtime compensation to all of Page's similarly situated, hourly-paid Buckingham coworkers who are also paid a portion of their wages in these "Commissions" categories, as Buckingham is similarly failing to pay overtime hours worked at full overtime rates of pay - one and one-half times the full regular rate of pay.  Buckingham is systematically committing this overtime violation by failing to include regularly paid, earned wages it is calling "Commissions" in the regular rate of pay and by also failing to pay overtime hours of work at a full overtime rate of pay.

10. Buckingham has created a policy and practice whereby it significantly underpays hourly-paid employees overtime compensation by failing to properly include "Commissions"

wages and by failing to properly calculate overtime hours and overtime rates of pay required by the FLSA.

11. Based upon its long-standing policy and practice of improperly calculating overtime compensation, Buckingham has been systematically underpaying its hourly-paid workers significant sums of overtime wages on a weekly basis. The aggregate sum of unpaid overtime for all hourly-paid workers is very substantial on a weekly and on an annual basis.

12. Based upon information and belief, particularly when including employee turnover, Page estimates that Buckingham applied its unlawful method of calculating and paying hourly-paid workers for overtime hours of work in a manner that affects hundreds, if not 1,000 or more hourly-paid workers.

13. Buckingham has intentionally, knowingly, with reckless disregard and systematically violated its hourly-paid workers' rights to earned overtime through Buckingham's unlawful overtime calculation and payment policies.

14. On an individual basis, Buckingham owes significant unpaid wages to Page for work he actually performed up to his last day of employment (September 26, 2019). The next, regularly scheduled pay date after Page's termination was September 27, 2019. Page was not paid all of his earned wages in that last pay check. Another pay date passed on October 11, 2019 and Page was paid only a very small, additional amount. Page is still owed hourly wages for the hours he worked through September 26, 2019 and he believes he is owed up to or more than $1,000.00 in unpaid "Commissions" for the valet trash services he performed for Buckingham's Heritage Trails Apartment residents. Buckingham's refusal to pay Page his final wages on time and in full is in bad faith and subjects Buckingham to liquidated damages under Indiana law.

### *III.  COLLECTIVE ACTION ALLEGATIONS*

15. Page incorporates herein by reference paragraphs 1 - 14 above.

16. This Complaint is brought as a collective action under the FLSA on behalf of Page and other current and former Buckingham hourly-paid workers who were similarly denied payment of wages and overtime compensation under Buckingham's compensation scheme that involved the improper calculation of regular rates of pay needed to properly calculate overtime rates of pay and the underpayment of overtime compensation.

17. This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Page and all Buckingham current and former hourly-paid workers who were damaged by Buckingham's compensation system which required and resulted in unpaid or underpaid overtime work.  By virtue of the "collective action," Page represents the identical and/or similar interests of former and current hourly-paid workers denied full overtime compensation under the same circumstance.  Page anticipates that other Buckingham employees and former employees will opt in to the action.

18. The number of Buckingham current and former employees who will be members of this collective action is so great that joinder of all members is impractical.  Instead, Page will pursue discovery to obtain the names of the other current and former Buckingham hourly-paid workers, to provide notice of the collective action, and to offer the opt-in opportunity.

19. Particularly with the types of overtime wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group.

20. Page's claims are typical of the claims of the whole collective group of current and former hourly-paid home care providers harmed by Buckingham's illegal overtime

calculation and payment practices.

21. Page will act to fairly and adequately protect the interests of the entire collective group of current and former Buckingham hourly-paid workers who received a portion of wages in categories Buckingham called "Commissions."

22. A collective action is superior to other available means for the fair and efficient prosecution of these wage claims against Buckingham. For example, to prove Buckingham's illegal overtime practices, Page and other members of this collective group would seek in discovery records about all similarly situated current and former Buckingham hourly-paid workers who were similarly denied earned overtime compensation. Individual lawsuits by the members of the collective group could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

23. A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

24. A collective action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and

uniformity of decisions will be assured.

### IV. .  JURISDICTION AND VENUE

25. This Court has jurisdiction over Page's FLSA claims under 28 USC § 1331 as those FLSA claims raise a question of federal law.  See 29 USC § 201 et seq.   This Court has supplemental and pendent jurisdiction over Page's individual Indiana Wage Claims Statute claims, which are based upon a common set of facts.

26. This Court is the appropriate venue for this cause of action as Page worked for Buckingham in Terre Haute, Vigo County, Indiana and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1391.

### V.  ADMINISTRATIVE PROCEDURES

27. Page complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit.  Page was involuntarily terminated from employment by Buckingham.  As such, Page's wage claims to recover his unpaid and underpaid wages arise under the Indiana Wage Claims Statute, I.C. 22-2-9.  Page obtained a letter from the Indiana Attorney General's Office dated December 5, 2019, which permits his attorney to file this wage claim on Page's behalf as the Indiana Attorney General's "designee."

### VI.  STATEMENT OF CLAIMS

#### A.  Fair Labor Standards Act Claims

28. Page incorporates herein by reference paragraphs 1 through 27 above.

29. Buckingham is an "enterprise" as that term is defined by the FLSA, and Buckingham is covered by the overtime and minimum wage provisions of the FLSA. Buckingham is an "employer," as that term is defined by the FLSA.  Finally, Buckingham is a "person" as that term is defined by the FLSA.

9

30. Buckingham committed overtime violations under the FLSA against Page and all similarly situated hourly-paid workers, as earned, regularly paid "Commissions" should have been included in employees' regular rates of pay and included in any calculation of overtime compensation due to Page and each and every similarly situated class member in each and every week in which both overtime compensation and "Commissions" were owed.

31. Because it failed to include earned "Commissions" in its calculation of overtime compensation, Buckingham failed to pay Page and each and every similarly situated hourly-paid worker at the full and correct overtime rate of pay, as required by the FLSA, in any and all calendar weeks in which Page and/or every similarly situated hourly-paid worker worked in excess of forty (40) hours.

32. Additionally, Buckingham has repeatedly violated the FLSA's overtime provisions by failing to pay Page and each similarly situated hourly-paid worker at proper overtime rates of pay for every overtime hour worked.

33. Buckingham's failure to comply with the FLSA's provisions regarding overtime compensation has been willful and without justification, and subjects Buckingham to a three year statute of limitations.

34. Page and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Buckingham's violations of their rights under the Fair Labor Standards Act.

**B. *Page's Individual Claim Under the Indiana Wage Claims Statute***

35. Page incorporates herein by reference paragraphs 1 through 34 above.

36. Buckingham's failure to pay Page his wages 1) on time and 2) in full were acts of bad faith.  Page is certainly entitled to payment of all of his earned wages, liquidated damages for the late paid wages, and liquidated damages for the unpaid wages.  Page's right to damages arises under I.C. 22-2-9-4(b), which incorporates the damages provisions of I.C. 22-2-5-2.

37. By way of this Complaint, Page is seeking all available damages, including all unpaid wages caused by Buckingham's failure to pay Page for all hours of work and for all "Commissions" which were actually payment for trash hauling services Page performed for Buckingham's tenants.  Page is owed an additional amount equal to two (2) times his underpaid and unpaid wages, plus any and all attorney's fees, costs, and expenses, and any other damage which he may be entitled pursuant to Indiana Law.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Page respectfully requests that the Court enter judgment against Buckingham, and issue all available relief to him and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All unpaid and underpaid wages, plus all liquidated damages Page is owed individually for his claims under the Indiana Wage Claims Statute;

3. All reasonable attorney's fees and expenses;

4. Costs;

5. Prejudgment interest, if available; and

6. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP

By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com

The Law Office Robert J Hunt, LLC

By/s/Robert J. Hunt
Robert J. Hunt
Attorney No: 30686-49
3091 E. 98th St., Ste. 280
Indianapolis, IN 46280
(317) 743-0614
Facsimile: (317) 743-0615
rob@indianawagelaw.com

CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2019, a copy of the foregoing *Plaintiff's First Amended Collective Action and Individual Complaint for Damages* was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Paul C. Sweeney
Paul.sweeney@icemiller.com

Emmanuel V. Boulukos
Emmanuel.Boulukos@icemiller.com

Michael Blickman
Michael.blickman@icemiller.com

                                        /s/Robert P. Kondras, Jr.
                                        Robert P. Kondras, Jr.