**EXHIBIT A**

DocuSign Envelope ID: 41192552-6CCA-45C8-AF5E-061FB7454481

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Plaintiff Justin D. Page ("Page"), individually and on behalf of all other persons who have filed an opt-in form (the "Opt-in Plaintiffs") in the Lawsuit (Page and the Opt-in Plaintiffs are collectively referred to herein as the "Plaintiffs"), and Buckingham Management, L.L.C. on behalf of itself and its parents, subsidiaries, affiliates, partners, related entities, predecessors, successors, assigns, trustees, estates, heirs, administrators, and all of their past and present members, managers, officers, directors, employees and agents (collectively, the "Defendant"). Plaintiffs and Defendant are sometimes referred to hereinafter as the "Parties."

### RECITALS

WHEREAS, on December 9, 2019, Page filed a Complaint with the Southern District of Indiana, Indianapolis Division, alleging violations of the Fair Labor Standards Act, Case No. 1:19-cv-04840-JRS-TAB, on behalf of himself and other similarly-situated employees of Defendant (the "Lawsuit");

WHEREAS, the purpose of this Agreement is to settle fully and finally the Lawsuit and any and all claims and disputes between Plaintiffs and Defendant with respect to any wage and hour related matters, as well as any and all employment related matters between Page and Defendant;

WHEREAS, Defendant denies all the allegations made by Plaintiffs, and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted or which could have been asserted in the Lawsuit and otherwise;

WHEREAS, without admitting or conceding any liability or damages whatsoever and without admitting that any pay and/or overtime amounts improperly were withheld from any employees, Defendant has agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, Plaintiffs' legal counsel has analyzed and evaluated the merits of the claims made against Defendant, and the impact of this Agreement on Plaintiffs, and based upon Plaintiffs' legal counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Lawsuit, if not settled now, might result in a recovery that is less favorable and/or that would not occur for several years, Plaintiffs' legal counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of Plaintiffs.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Lawsuit on the following terms and conditions:

1. **Collective Action Claims; No Publication.** Plaintiffs have brought the Lawsuit under the FLSA. Plaintiffs and the attorneys who have entered an appearance on their behalf in this action, as well as their firms, affirm and warrant that they do not currently represent and are not aware of any other individual that has relied on the pendency of the Lawsuit to toll a statute of

DocuSign Envelope ID: 41192552-6CCA-45C8-AF5E-061FB74544B1

limitations or otherwise. Plaintiff's counsel agrees that their firms will not publicize the Agreement.

2. **Release and Waiver of Claims.** To the fullest extent permitted by law:

   a. Plaintiffs release and waive any and all claims they have or may have related to the payment of wages through July 24, 2020, including but not limited to claims under the FLSA and all other federal, state, and local laws and common law, and including personal claims and claims for interest, attorneys' fees and costs, that exist as of the date Page executes this Agreement, whether known or unknown, that have been or could be asserted against Defendant and all of its current or former related entities, and all of its or their current or former directors, officers, managers, supervisors, representatives, attorneys, insurers, fiduciaries, agents and employees. This waiver and release specifically includes any claims or allegations that were or have been made in the Lawsuit.

   b. Page knowingly and voluntarily waives and releases Defendant from any and all claims (legal or equitable, known or unknown, contingent or mature) that he now has or may have had against Defendant, including but not limited to those arising under any federal or state statute or under the common law of Indiana or any other state, including but not limited to any claims under the Family and Medical Leave Act of 1993, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Fair Labor Standards Act, the National Labor Relations Act, the Equal Pay Act, the Employee Retirement Income Security Act of 1974, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Civil Rights Act of 1866, the Occupational Safety and Health Act, and the Indiana Civil Rights Act, all as amended, and including but not limited to, all wage and hour and retaliation claims and all discrimination claims that Page asserted or could have asserted in this action against Defendant. Page may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of the released claims, but expressly shall be deemed to have fully, finally, and forever settled and released any and all claims that exist as of the date he executes this Agreement.

   c. Nothing in this Agreement shall be construed to constitute a waiver of future claims or to prohibit any Plaintiff from filing a Charge of Discrimination or any other charge with the Equal Employment Opportunity Commission or with any comparable state or local administrative agency. This release does not include any claims that cannot by law be released through this Agreement, but the parties intend that it be construed as broadly as lawfully possible.

3. **Court Approval of Agreement.** Because this settlement of Plaintiffs' claims under the FLSA requires court approval, the parties shall file a joint motion with the Court in the Lawsuit requesting that the Court review and approve this Agreement. This Agreement is contingent upon the Court approving it. If the Court declines to approve this Agreement, this Agreement is null and void, and the Company will not have any obligation to make the payments specified in Paragraph 5.

4. **Dismissal of Lawsuit with Prejudice.** Within five (5) days after the Court approves the Agreement and the Defendant pays the amounts identified in this Agreement, Plaintiffs are hereby deemed to have agreed to the dismissal of the Lawsuit, with prejudice, thereby

I\15667732.3

DocuSign Envelope ID: 41192552-6CCA-45C8-AF5E-061FB74544B1

authorizing Defendant's counsel to file a Stipulation of Dismissal with Prejudice and proposed Order of Dismissal with Prejudice. Plaintiffs agree that they will not bring any other legal actions based on (a) alleged acts or omissions which led to the filing of the Lawsuit; or, (b) acts or omissions that occurred prior to the execution of this Agreement.

5. **Payments.** In consideration for the promises and agreements made in this Agreement, Defendant shall pay Plaintiffs and their legal counsel the gross sum of Twenty-Five Thousand Two Hundred Eighty Seven Dollars and Eighty-Two Cents ($25,287.82), inclusive of attorneys' fees, liquidated damages and costs, no later than fifteen (15) business days following approval of this Agreement by the Court. This amount shall be apportioned and paid as follows:

   a. **FLSA Payments to Plaintiffs.** Defendant shall pay Plaintiffs the gross sum of Four Thousand Two Hundred Eighty-Seven Dollars and Eighty-Two Cents ($4,287.82), which shall be divided and distributed to each individual Plaintiff as allocated in Appendix A. Specifically, each Plaintiffs' payment accounts for the amount of alleged back overtime premium pay calculated by the parties, which has been multiplied by two to account for alleged liquidated damages (the 2x amount being the amounts found in Appendix A and paid per this Agreement).

   b. **Incentive Payment.** In addition to the payments allocated in Appendix A, the following individual will receive additional incentive payments: Page - $1,000.00.

   c. **Attorneys' Fees and Costs.** Defendant shall pay Plaintiffs' counsel, HASSLER KONDRAS MILLER LLP and The Law Office of Robert J. Hunt, attorneys' fees and costs in the amount of Twenty Thousand Dollars and 00/100 Cents ($20,000.00). This amount shall be split as follows: (1) Fourteen Thousand Dollars and 00/100 Cents ($14,000.00) to HASSLER KONDRAS MILLER LLP; and, (2) Six Thousand Dollars and 00/100 Cents ($6,000.00) to THE LAW OFFICE OF ROBERT J. HUNT LLC. These law firms will submit completed IRS W-9 forms with the executed Agreement. These fees and costs are inclusive of all fees and costs to be incurred by Plaintiffs' counsel in representing Plaintiffs in this action, including court approval, administration, and completion of settlement. A Form 1099 shall issue to the respective Plaintiffs' counsel and/or his firm regarding the payment of these sums.

   d. Each Plaintiff will be issued a Form 1099 for the payments set forth in Appendix A and, for Page, as set forth in paragraph 5.b. above. The Plaintiffs will be solely responsible for paying all local, state and federal taxes on the distribution received.

   e. The Payments noted in this paragraph shall be sent to counsel for Plaintiffs within fifteen (15) business days after the later of: (i) the date on which the Court approves this fully-executed Agreement and (ii) the date on which the Court approves the Joint Motion to Approve Settlement of Collective Action and Stay Proceedings. No Stipulation to Dismiss will be filed with the court until all payments have been made under this Agreement. In conjunction with seeking Court approval of the Agreement, counsel for both Defendant and Plaintiffs will file a Joint Motion to Stay the proceedings pending payout of the amounts set forth in this Agreement.

6. **Taxation of Payments.** Plaintiffs and Plaintiffs' counsel agree to pay any and all tax liabilities they may owe as a result of this settlement and to hold Defendant harmless for any tax liability, penalties, interests, and attorneys' fees on these amounts.

7. **Acknowledgments.** Attorney for Plaintiffs, Robert Kondras, acknowledges that he has power of attorney for all Plaintiffs and has agreed to all terms and conditions of this Agreement on behalf of all Plaintiffs including all Plaintiffs listed in **Appendix A**. Representative Plaintiff Page acknowledges that (a) he has consulted with Plaintiffs' attorney prior to signing this Agreement, (b) that he has carefully read and fully understands the provisions of this Agreement, (c) he has had a reasonable time to consider it, (d) he has discussed all of the provisions of this Agreement with Plaintiffs' attorney, and (e) he is entering into it voluntarily.

8. **Non-Admission.** Plaintiffs and Defendant agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Defendant. Plaintiffs and Defendant further agree that this Agreement shall not be admissible in any proceeding other than the Lawsuit (without the written consent of the Parties or unless ordered by a court of competent jurisdiction), except one instituted by either Party alleging a breach of this Agreement.

9. **Entire Agreement; Authority; Binding Nature; and, Modification.** Plaintiffs and Defendant agree that this Agreement sets forth the entire agreement between the Parties and supersedes any prior or contemporaneous written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement. Page acknowledges that in executing this Agreement, they are not relying upon any representation or statement made by Defendant or by any of its representatives or attorneys other than those that are specifically stated in this Agreement. Page hereby represents and warrants that he has full power and authority to execute and deliver this Agreement for and on behalf of each of the Opt-in Plaintiffs. Plaintiffs' legal counsel represents and agrees that all Opt-in Plaintiffs are and shall be bound by and subject to this Agreement, whether or not the Opt-in Plaintiffs have actually executed this Agreement or any joinder hereto. This Agreement is binding upon Plaintiffs and their heirs, administrators, representatives, executors and upon Defendant and its successors. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against the drafter, and in accordance with the laws of the State of Indiana. This Agreement may not be modified except by a written document signed by both Plaintiffs and the Company.

10. **Entire Agreement and Severability of Provisions.** Should any provision of this Agreement be found unenforceable or invalid for any reason, that fact shall not affect the enforceability or validity of its remaining provisions.

11. **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

12. **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

DocuSign Envelope ID: 41192552-6CCA-45C8-AF5E-061FB74544B1

13. **No Waiver.** The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions or of the right thereafter to enforce each and every term, covenant and condition of this Agreement.

14. **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Indiana without regard to conflict of law principles, and all disputes arising under this Agreement (or any Release executed pursuant to paragraph 6 herein) shall be settled in this Court, or another court of competent jurisdiction located in the Southern District of Indiana.

15. **Counterparts.** This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument. Signatures to this Agreement may be transmitted by facsimile or telecopy or electronic scan and such signatures shall be deemed legally valid and binding upon the Party transmitting the same and such signatures shall be treated as originals.

JUSTIN D. PAGE, for himself and on behalf of all Opt-in Plaintiffs

By: _____

Date: _____

BUCKINGHAM PROPERTIES, LLC MANAGEMENT

By: _____

Date: OCTOBER 12, 2020

Approved and Agreed to on behalf of all Opt-in Plaintiffs Listed on Appendix A and all of Plaintiffs' Counsel

HASSLER KONDRAS MILLER LLP

By: _____
Robert P. Kondras, Jr.
100 Cherry Street
Terre Haute, IN 47807

Attorney for Plaintiffs

Date: 10/8/20

Approved as to form:

ICE MILLER LLP

By: _____
Paul C. Sweeney
One American Sq., Suite 2900
Indianapolis, IN 46282

Attorney for Defendant

Date: _____

I\15667732.3

DocuSign Envelope ID: 41192552-6CCA-45C8-AF5E-061FB74544B1

## APPENDIX A

| Name | Total |
|---|---|
| Justin Page | $2,043.78 |
| Charles McElroy | $9.76 |
| Robert Manuel | $105.32 |
| Tanya Abbey | $3.48 |
| Leo Turner | $46.26 |
| Jennifer Alcenius | $46.84 |
| Gregg Naaman | $2.66 |
| Brianna Anderson | $7.94 |
| Whitney Gore | $114.62 |
| Jason Lomax | $39.32 |
| Thomas E. Cook | $233.38 |
| Danielle Becker | $92.08 |
| Jason T. Reitzel | $420.96 |
| Billy F. Kersey, Sr. | $681.44 |
| David L. Watkins, Jr. | $437.22 |
| Charles Stewart | $0.64 |
| Dylan Wagoner | $2.12 |
| TOTALS: | $4,287.82 |

I\15667732.3